IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTOPHER J. GURRY,

        Petitioner,

v.

CHRISTINE BUTERA-ORTIZ,
United States Probation Officer,

        Respondent.
_____/

No. C 11-00964 RS

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

## I. INTRODUCTION

This matter arises from a federal habeas corpus action filed pursuant to 28 U.S.C § 2241 by represented petitioner, Christopher Gurry. Following Gurry's filing of an amended petition, the Court directed respondent to address the issue of subject matter jurisdiction. Respondent now moves for dismissal of the petition, contending the Court lacks jurisdiction to review petitioner's habeas claims already adjudicated by the military courts. For the following reasons, respondent's motion to dismiss for lack of jurisdiction is granted.

## II. BACKGROUND FACTS[1]

In June 2007, petitioner was tried by a general court-martial at the Tinker Air Force Base in Oklahoma, on four criminal specifications related to indecent acts with, and visual depictions of, a nude minor. At trial, during which petitioner was represented by three attorneys, he chose not to testify. Following the presentation of both the Government and Defense cases, the court-martial members acted within their rights to recall five government witnesses and take further evidence. After this supplementary proceeding, petitioner's counsel did not advise him that under Rule for Court Martial 913(e)(5), "[t]he military judge may, as matter of discretion, permit a party to reopen its case after it has rested." According to Gurry, as a result, he did not seek to testify in rebuttal to the recalled witnesses or additional evidence. The general court-martial subsequently found petitioner guilty of two of the four charged specifications and sentenced him to a dishonorable discharge, four years confinement, reduction to the lowest enlisted grade, and forfeiture of all pay and allowances.

Gurry appealed the verdict to the United States Air Force Court of Criminal Appeals ("AFCCA") asserting that: (1) he was denied effective assistance of counsel when he was not advised of his right to testify after a material change in the state of the evidence; (2) his due process rights were violated when the military judge failed to advise him of his right to change his election to testify; (3) the court-martial lacked jurisdiction; (4) the evidence was legally and factually insufficient for conviction; and (5) one of the criminal specifications failed to state an offense. After considering his claims, the AFCCA denied relief. Petitioner then filed a Petition for Grant of Review with the United States Court of Appeals for the Armed Forces ("USCAAF") which was also denied.

In response to these denials, Gurry filed a federal writ of habeas corpus seeking relief on the basis of ineffective assistance of counsel and due process violations. This writ was subsequently dismissed for lack of jurisdiction with leave to amend. Petitioner chose to amend, filing an amended and second amended petition. The Court thereafter issued an order directing respondent to

---

[1] The facts set forth above are drawn from the third amended petition which must be accepted as true for purposes of this motion.

No. C
ORDER

file a motion to dismiss for lack of jurisdiction or, in the alternative, a notice as to why such a motion was unwarranted. Respondent chose to file a motion to dismiss, maintaining that habeas review is inappropriate because the military courts have already fully and fairly considered petitioner's claims.

### III. DISCUSSION

Federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to review habeas corpus petitions filed by those challenging military convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). Such jurisdiction, however, is limited as "the scope of matters open for review [in military habeas cases] has always been more narrow than in civil cases." *Id.* (citing *Hiatt v. Brown*, 339 U.S. 103 (1950), and emphasizing the "peculiar relationship between the civil and military law"). Specifically, collateral relief from a court-martial judgment is only available when (1) petitioner asserts the judgment is void for a "lack of jurisdiction or other equally fundamental defect," *Schlesinger v. Councilman*, 420 U.S. 738, 746-47 (1975), and (2) his or her arguments have not already been "fully and fairly considered" by the military courts. *See Burns v. Wilson*, 346 U.S. 137 (1953). The Ninth Circuit has consistently applied the "full and fair consideration" standard to deny habeas relief to petitioners convicted by court-martial. *See Gibbs v. Thomas*, 466 F. App'x 646 (9th Cir. 2012) ("[T]he district court properly denied habeas relief because both [military courts] fully and fairly considered those claims."); *Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972); *see generally Daigle v. Wright*, 490 F.2d 358, 366 (9th Cir. 1974) (remanding a habeas petition claiming a deprivation of fundamental due process so that district court could apply the "fully and fairly" considered test); *Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962) ("[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence.").

Here, Gurry does not allege that the military courts failed fully or fairly to consider his claims. Rather, he argues that because his claims present important constitutional issues, the preliminary "full and fair" determination is unwarranted, invoking the Ninth Circuit's decision in

*Hatheway v. Sec'y of Army*, 641 F.2d 1376 (9th Cir. 1981), for support. Petitioner's reliance on *Hatheway*, however, is inapposite as that was a non-habeas case arising under distinguishable facts.

In *Hatheway*, after being convicted of sodomy by a general court-martial and dismissed from service, plaintiff Joseph Hatheway filed suit in district court seeking a declaration that his conviction was invalid because it was a result of selective prosecution and an unconstitutional provision of the Uniform Code of Military Justice. The district court dismissed the action at the summary judgment stage and plaintiff appealed. The Ninth Circuit upheld the lower court's ruling, explaining that the military court neither violated Hatheway's constitutional rights nor applied an unconstitutional provision to convict him. In so holding, the Court discussed the standards for habeas review of military proceedings, concluding that the "Burns plurality does not preclude civil court consideration of the constitutional defects alleged here." *Id.* at 1380 (citing *Parker v. Levy*, 417 U.S. 733 (1974)[2]). Those alleged "defects," as the Court's reasoning reflects, pertained to Hatheway's constitutional challenge to the military provision under which he was charged. The Ninth Circuit thereby explicitly restricted its holding to the narrow proposition that, despite the delicate balance between military and civil law, *Burns* permits review by district courts in non-habeas cases limited to the overall constitutionality of a military provision. Such review flows from the obligation of federal civil courts to interpret the Constitution and does not thereby implicate uniquely military matters. *Cf. Parker v. Levy*, 417 U.S. 733, 758 (1974).

Importantly, the direct review permitted by *Hatheway*'s limited holding is quite distinct from the collateral review sought by Gurry.[3] Gurry's claims relate not to the constitutionality of a

---

[2] In *Parker*, the Supreme Court overturned the Third Circuit's review of a military conviction, determining that the military statute under which appellant was convicted was neither unconstitutionally overbroad nor vague. In so holding, the Court did not first assess whether the military court had fully and fairly considered the issues at hand. Notably, however, the Third Circuit in accepting jurisdiction over the matter, distinguished it from a typical habeas case because the "alleged infirmity [wa]s the facial unconstitutionality of the statute under which appellant was charged." *Levy v. Parker*, 478 F.2d 772, 783 (3d Cir. 1973) *rev'd*, 417 U.S. 733, 94 S. Ct. 2547, 41 L. Ed. 2d 439 (1974). Gurry's claims do not similarly challenge the facial unconstitutionality of the military statute.

[3] Furthermore, as a practical matter, distinguishing between Hatheway's constitutional challenge and Gurry's habeas claims is necessary. If all those convicted by court-martial were permitted to

military provision, but rather to specific errors purportedly committed during his military trial. His requested review is therefore much more invasive as it would require analysis of military court procedure. Accordingly, to warrant the exercise of jurisdiction over Gurry's habeas claims, he must make the threshold showing that he was deprived of "full and fair" consideration in the military court system; in particular the proceedings before the AFCCA and the USCAAF.

To meet this full and fair standard, the military courts must "hear[] petitioners out on every significant allegation," "scrutinize[] the trial records," and "accord[ petitioners] a complete opportunity to establish the authenticity of their" claims. *Burns*, 346 U.S. at 145. Here, the military courts adequately considered all six of Gurry's "assignments of error": (1) whether appellant received ineffective assistance of counsel when he was not advised by his defense attorneys that he could present rebuttal testimony; (2) whether appellant was denied due process and the right to present a defense when he was not advised that he could testify; (3) whether the court-martial had jurisdiction; (4) whether the evidence as to specification two of the charge was sufficient; (5) whether the evidence as to specification four of the charge was sufficient; and (6) whether specification four failed to state an offense. The record reflects that those military courts reviewed the background facts, studied the trial records, and determined that Gurry's claims, specifically those asserting constitutional violations and a lack of jurisdiction, were without merit. *United States v. Gurry*, ACM 37145, 2009 WL 1508371 (A.F. Ct. Crim. App. May 20, 2009); *see generally Burns*, 346 U.S. at 143 ("[Civil courts should not] re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus."); *Broussard*, 466 F.2d at 819 ("The Court of Military Appeals thoroughly

---

seek habeas relief from a federal district court simply by asserting that their counsel provided ineffective assistance of counsel or the military judge faltered in ensuring due process, federal courts would be forced to review the majority of military convictions. This would infringe on the military's autonomy and eviscerate the delicate balance envisioned by Congress between civil and military law. *See Burns*, 346 U.S. at 140 (cautioning that "the civil courts are not the agencies which must determine the precise balance to be struck" between military and civil legal systems because the "framers expressly entrusted that task to Congress"). Consequently, federal courts may collaterally review military convictions only where the claims were not fully and fairly considered by the military courts. *See Broussard* 466 F.2d at 818.

No. C
ORDER

considered the relevant law and facts."). Accordingly, because both the AFCCA and USCAAF fully and fairly considered petitioner's constitutional claims, this Court lacks subject matter jurisdiction to review them further.[4] *See Burns*, 346 U.S. at 144-45 ("[T]he military courts have heard petitioners out on every significant allegation which they now urge [and, a]ccordingly, it is not the duty of the civil courts simply to repeat that process."); *Gibbs*, 466 F. App'x at 646. Gurry's petition must therefore be dismissed.

## IV. CONCLUSION

Respondent's motion to dismiss for lack of jurisdiction is granted.

IT IS SO ORDERED.

Dated: 8/9/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Gurry's final argument that this Court can only decide whether the military courts gave his claims full and fair consideration after reviewing the court-martial record and appellate court proceedings, is not supportable. In both *Burns* and *Broussard*, the Supreme Court and the Ninth Circuit relied solely on the military court decisions to determine that petitioners' claims have been accorded full and fair consideration. Furthermore, a full review of the entire military record each time a petitioner seeks review of a military conviction would essentially obliterate the *Burns* instruction that civil courts are not "simply to re-evaluate the evidence." 346 U.S. at 142.

No. C
ORDER